IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**BRITTANY WILLIAMS,**

    **Plaintiff,**

                                                                                                   **CASE NO.:**

v.

**DIGITAL MEDIA SOLUTIONS, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, DIGITAL MEDIA SOLUTIONS, LLC ("Defendant"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. Venue is proper in Pinellas County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Pinellas County, Florida.

4. Defendant is a foreign business organized under the laws of Delaware and operates a customer acquisition business in Clearwater, Pinellas County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

11. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

12. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

13. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## FACTS

14. Plaintiff began working for Defendant as an Education Representative on or about March 2018.

15. Plaintiff is an African American woman.

16. Thus, Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII.

17. During her tenure with Defendant, Plaintiff satisfactorily performed the duties of her position in a competent manner.

18. Nevertheless, Defendant subjected Plaintiff to unlawful discrimination because her race and gender and retaliated against her because of her complaints of discrimination.

19. During her employment, Defendant discriminated against Plaintiff because of her race and national origin and denied Plaintiff the same terms and conditions of employment that were afforded to individuals employed by Defendant who were not African American.

20. Plaintiff was offered a position with Defendant on or about March 2018. Prior to starting her position, Defendant required Plaintiff to attend two (2) weeks of training.

21. Plaintiff had a personal issue arise and was required to miss a few hours of training.

22. Plaintiff immediately contacted Defendant's Human Resources ("HR") department about the issue and Defendant's HR Representative assured her that it was fine that she could take the requested time off and that she would be allowed to complete it later.

23. In fact, Defendant's HR Representative told her that, per Defendant's company policy, employees who are unable to complete training are allowed to restart their training on a later date.

24. Defendant then instructed Plaintiff that she would continue her training on March 29, 2018.

25. Despite the assurances from Defendant's HR department, Defendant's supervisor forcibly grabbed Plaintiff's belongings and demanded that she leave the premises when he learned that her training had been rescheduled.

26. Based upon information and belief, Defendant did not treat non-African Americans in this manner.

27. As a result of her supervisor's treatment, Plaintiff confirmed again with Defendant's HR department that her training had been rescheduled.

28. However, Plaintiff was not able to begin her training because Defendant's supervisor told Plaintiff that she was terminated.

29. Plaintiff was dismayed by Defendant's response and questioned why she was being terminated. She mentioned to Defendant's supervisor that another similarly-situated hispanic employee was allowed to work there even after that employee missed training in a similar fashion to Plaintiff.

30. Defendant's supervisor, who, based upon information and belief is also of hispanic origin, callously told Plaintiff that she was not that hispanic employee, that Plaintiff, was not hispanic, and that she was terminated.

## COUNT I – TITLE VII VIOLATION
## (DISCRIMINATION)

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

32. Plaintiff is a member of a protected class under Title VII.

33. As a result of Defendant's aforementioned conduct, Plaintiff was subjected to disparate treatment on the basis of her race.

34. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

35. Defendant's actions were willful and done with malice.

36. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of Title VII by Defendant;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Any other compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained.

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

38. Plaintiff is a member of a protected class under Title VII.

39. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

40. Defendant retaliated against Plaintiff for engaging in protected activity under the Title VII by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment.

41. Defendant's actions were willful and done with malice.

42. Defendant took material adverse action against Plaintiff.

43. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

(d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

(e) Compensation for lost wages, benefits, and other remuneration;

(f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

(g) Front pay;

(h) Any other compensatory damages, including emotional distress, allowable at law;

(i) Punitive damages;

(j) Prejudgment interest on all monetary recovery obtained.

    (k)    All costs and attorney's fees incurred in prosecuting these claims; and

    (l)    For such further relief as this Court deems just and equitable.

**COUNT III – FCRA VIOLATION**
**(DISCRIMINATION)**

44.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

45.    Plaintiff is a member of a protected class under the FCRA.

46.    Plaintiff was subjected to disparate treatment on account of her race as a result of Defendant's aforementioned conduct.

47.    Defendant's actions were willful and done with malice.

48.    Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

    ***WHEREFORE***, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and this Court take jurisdiction over the case;

    (c)    Compensation for lost wages, benefits, and other remuneration;

    (d)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    (e)    Any other compensatory damages, including emotional distress, allowable at law;

    (f)    Punitive damages;

    (g)    Prejudgment interest on all monetary recovery obtained.

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

49. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. Plaintiff engaged in protected activity under the FCRA by frequently opposing Defendant's aforementioned discriminatory actions against Plaintiff.

52. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment.

53. Defendant's actions were willful and done with malice.

54. Defendant took material adverse action against Plaintiff as Defendant subjected Plaintiff to different terms and conditions of employment and terminated Plaintiff's employment.

55. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction over the case;

    (c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

    (d) Compensation for lost wages, benefits, and other remuneration;

    (e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

    (f) Front pay;

 (g) Any other compensatory damages, including emotional distress, allowable at law;

 (h) Punitive damages;

 (i) Prejudgment interest on all monetary recovery obtained.

 (j) All costs and attorney's fees incurred in prosecuting these claims; and

 (k) For such further relief as this Court deems just and equitable.

### COUNT V –42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

56. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

57. Plaintiff is a member of a protected class of persons under Section 1981.

58. As a result of its aforementioned conduct, Defendant subjected Plaintiff to disparate treatment solely because of Plaintiff's race.

59. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

60. Defendant's actions were willful and done with malice.

61. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

62. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

 (a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT VI — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

63. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

64. Plaintiff is a member of a protected class of persons under Section 1981.

65. Plaintiff frequently engaged in protected activity under Section 1981 by opposing Defendant's discriminatory conduct.

66. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 when Defendant subjected Plaintiff to different terms and conditions of employment and terminated her employment.

67. Defendant's actions were willful and done with malice.

68. Defendant's retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

69. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

70. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 10th day of May, 2019.

Respectfully submitted,

/s/ Patrick Elliott
**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:   (813) 261-3542
Email: elliottp@employmentandconsumerlaw.com
Email: murrayd@employmentandconsumerlaw.com
***Attorney for Plaintiff***