# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SIXTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Brittany Williams</u>
Plaintiff
     vs.
<u>DIGITAL MEDIA SOLUTIONS, LLC</u>
Defendant

### II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☒ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

<u>6</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Patrick K. Elliott</u>     FL Bar No.: <u>1000970</u>
    Attorney or party                                                              (Bar number, if attorney)

    <u>Patrick K. Elliott          05/10/2019</u>
    (Type or print name)                                                                    Date

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**BRITTANY WILLIAMS,**

    Plaintiff,

CASE NO.:

v.

DIVISION:

**DIGITAL MEDIA SOLUTIONS, LLC,**

    Defendant.
_____/

## SUMMONS

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint, Request for Production, First Set of Interrogatories, Notice of Taking Corporate Representative Deposition and Designation of Email in this action on defendant:

**DIGITAL MEDIA SOLUTIONS, LLC**
4800 140th Ave N Suite 101
Clearwater, FL 33762

    Each defendant is required to serve written defenses to the complaint or petition on Patrick K. Elliott, plaintiff's attorney, whose address is Law Office of Patrick K. Elliott 100 S. Ashley Drive, Suite 600, Tampa FL 33602 within 20[1] days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on 10th day of May, 2019. MAY 13 2019

| Printed: Patrick K. Elliott | KEN BURKE |
|---|---|
| Attorney for Plaintiff<br>Address: Law Office of Patrick K. Elliott<br>100 S. Ashley Drive, Suite 600<br>Tampa FL 33602<br>Florida Bar No. : 1000970 | As Clerk of the Court<br><br>By: _Janai Smith_<br>As Deputy Clerk<br>(727) 464-7000 |

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Clerk of Court, 315 Court Street, Clearwater, FL 33756, (727) 464-7000 at**

---

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired call 711.**

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**BRITTANY WILLIAMS,**

    Plaintiff,

                                          CASE NO.:

v.

**DIGITAL MEDIA SOLUTIONS, LLC,**

    Defendant.
_____/

## NOTICE OF DESIGNATION OF E-MAIL ADDRESSES FOR SERVICE OF COURT DOCUMENTS

Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), by and through undersigned counsel, files this Notice of Designation of E-Mail Addresses for Service of Court Documents under Florida Rule of Judicial Administration 2.516(b)(1)(A), and hereby designates the following e-mail addresses to be used for service of all court filings in this action: elliottp@employmentandconsumerlaw.com and murrayd@employmentandconsumerlaw.com.

Dated this 24th day of May, 2019.

                                          Respectfully submitted,

                                          /s/ Patrick K. Elliott
                                          **PATRICK K. ELLIOTT**
                                          Florida. Bar Number: 1000970
                                          **THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
                                          100 S. Ashley Drive, Suite 600
                                          Tampa, FL 33602
                                          Direct Dial: (813) 379-3090
                                          Facsimile: (813) 261-3542
                                          E-mail: elliottp@employmentandconsumerlaw.com
                                          Email: dmurray@ employmentandconsumerlaw.com
                                          *Attorney for Plaintiff*

## RETURN OF SERVICE

State of Florida          County of Pinellas          Circuit Court

Case Number: 19-003294-CI

Plaintiff:
**Brittany Williams**

vs.

Defendant:
**Digital Media Solutions LLC**

For:
Patrick Elliott
Law Office Of Patrick K. Elliott
100 S. Ashley Drive Ste 600
Tampa, FL 33602

Received by Claims Confirmation Specialist on the 18th day of May, 2019 at 8:20 am to be served on **Digital Media Solutions, Llc, 4800 140th Avenue North Suite 101, Clearwater,, FL 33762**.

I, Shelagh Roberts, do hereby affirm that on the **21st day of May, 2019** at **10:50 am**, I:

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint, PLaintiff's Notice of Service of First Set of Interrogatories to Defendant, PLaintiff's First Request for Production of Documents to Defendant, Plaintiff's Notice of Taking Corporate Representative Deposition** with the date and hour of service endorsed thereon by me, to: **MORGAN MONTONE** as **LEGAL CO-ORDINATOR** for Digital Media Solutions, Llc, at the address of: **4800 140TH AVENUE NORTH, SUITE 101, CLEARWATER, FL 33762**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server appointed by the Sheriff, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true. Notary not required, persuant to FS 92.525.

**1066462** -A

**SPECIAL PROCESS SERVICE**

Pinellas County, Florida
Bob Gualtieri, Sheriff

Shelagh Roberts
APS55418

Claims Confirmation Specialist
309 Jeanal Place
Tampa, FL 33612
(813) 335-4569

Our Job Serial Number: SUL-2019000152
Ref: 2019000152

Copyright © 1992-2019 Database Services, Inc - Process Server's Toolbox V8.1c

Filing # 90125278 E-Filed 05/24/2019 07:09:06 PM

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**BRITTANY WILLIAMS,**

    **Plaintiff,**

                                CASE NO.:

v.

**DIGITAL MEDIA SOLUTIONS, LLC,**

    **Defendant.**

_____/

**PLAINTIFF'S NOTICE OF TAKING**
**CORPORATE REPRESENTATIVE DEPOSITION**

**PLEASE TAKE NOTICE** that Counsel for Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), will take the deposition of the Corporate Representative(s) of Defendant, DIGITAL MEDIA SOLUTIONS, LLC ("Defendant"), on the date, time, and location stated below, such deposition to continue from day to day until completed:

| NAME | DATE/TIME | LOCATION |
|---|---|---|
| **CORPORATE REPRESENTATIVE TO BE DESIGNATED BY DEFENDANT** | [Date] At [time] a.m. | [Address] |

Before a court reporter, notary public, or before a duly assigned representative, who is not of counsel to the parties or interested in the events of this cause.

Defendant is required to designate one or more corporate representatives or individuals to testify about information known or reasonably available to Defendant on the following subjects:

    1.    The job duties and job description of Plaintiff during any period that Plaintiff was employed by Defendant.

    2.    The process used by Defendant to collect documents for production to Plaintiff in response to Plaintiff's Requests for Production of documents, including but not limited to

***ELECTRONICALLY FILED 05/24/2019 07:09:05 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

searches and production from Defendant's electronic mail system.

3. Plaintiff's job performance.

4. Plaintiff's dates of employment, job titles, and job duties.

5. Any compliment, award, or commendation given to Plaintiff during her employment with Defendant.

6. Any written or oral reprimand, warning, or caution given to, or concerning Plaintiff, during Plaintiff's employment with Defendant.

7. The factual basis for all defenses raised by Defendant in this matter.

8. Any contention by Defendant that Plaintiff's job performance was unsatisfactory.

9. Defendant's policies and procedures regarding employee discipline.

10. Defendant's policies and procedures regarding retaliation.

11. Defendant's policies and procedures regarding discrimination.

12. Defendant's policies and procedures regarding any identification of employees on the basis of race.

13. The racial composition of Defendant's workforce at the location where Plaintiff worked for years 2014 through 2019.

14. Defendant's compliance with state and federal laws pertaining to the compilation, recording, and preservation of forms prompting an employee's self-identification on the basis of race, including, but not limited to, EEO-1 Survey Forms and similar forms regardless of their origin.

15. All applicable insurance coverage.

16. Confirmation and details relating to any response provided by Defendant to Plaintiff's First Set of Interrogatories.

17. Any documents produced in response to Plaintiff's First Request for Production of Documents.

18. Defendant's records regarding Plaintiff's work performance, including e-mails or telephone messages.

19. Defendant's rationale for terminating Plaintiff's employment.

20. The identity of all persons who participated in the decision to terminate Plaintiff's employment, including the input given by each person.

21. The identity of all persons who fell within the same protected category as Plaintiff under Section 1981 on account of their race, worked at the same facility where Plaintiff was employed between 2014 and the present, and whose employment was terminated by Defendant, including the reasons given for each termination.

22. Any internal complaints of discrimination made by Plaintiff, or other employees of Defendant who worked at the same location as Plaintiff, during Plaintiff's employment with Defendant, as well as Defendant's response to each internal complaint.

23. All statements made to Plaintiff by Defendant, when Plaintiff was informed that her employment had been terminated.

24. Any communications, including e-mails, exchanged between Plaintiff and Defendant in relation to Plaintiff's complaints of discrimination in the workplace.

25. The identity of all persons who, from 2014 to the present, worked at the same facility where Plaintiff was employed and filed internal or external complaints of discrimination against Defendant.

26. The training and qualifications of Plaintiff's supervisors, with respect to workplace discrimination and retaliation.

27. All lawsuits, charges, or complaints brought against Defendant within the past ten years for alleged violations of 42 U.S.C. §1981, the Civil Rights Act of 1964, or the Florida Civil Rights Act of 1992.

Upon oral examination pursuant to the Florida Rules of Civil Procedure, before a court reporter or any other notary public or officer authorized by law to take depositions. Said deposition(s) will be taken for the purposes permitted by the rules governing the conduct of the case.

Dated this 10th day of May 2019.

Respectfully submitted,

/s/ Patrick Elliott
**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**

100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile: (813) 261-3542
E-mail: elliottp@employmentandconsumerlaw.com
Email: dmurray@ employmentandconsumerlaw.com
***Attorney for Plaintiff***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the Defendant on the date the complaint was served.

/s/ Patrick Elliott
**PATRICK K. ELLIOTT**

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**BRITTANY WILLIAMS,**

    **Plaintiff,**

                                                                    CASE NO.:

v.

**DIGITAL MEDIA SOLUTIONS, LLC,**

    **Defendant.**

_____/

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**

Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), by and through undersigned counsel and in accordance with the Florida Rules of Civil Procedure, hereby requests that Defendant, DIGITAL MEDIA SOLUTIONS, LLC ("Defendant"), diligently and carefully search for, inquire after, and produce for inspection and copying the documents identified below, regardless of their origin:

### I. INSTRUCTIONS

1.    Defendant shall produce these documents within **forty-five (45) days** after service of this request.

2.    In accordance with the Florida Rules of Civil Procedure, Defendant is hereby instructed to produce documents as they are kept in the ordinary course of business, or to organize and label documents so that they correspond with the categories in this request. In addition, all documents are to be produced in full and unexpurgated form. Redacted documents will not be deemed to comply with this request.

3.    If any document described in this request was, but no longer is, in Defendant's possession, custody, or control, please state whether the document:

        (a)    is missing or lost;
        (b)    has been destroyed;
        (c)    has been transferred, voluntarily or involuntarily, to others; or
        (d)    has otherwise been disposed of.

In each instance, please explain the circumstances surrounding the document's disposition, identify the person or persons authorizing the disposition, and list the date on which the document was so disposed. Please identify each document by listing the following information: Name and address of the author of the document; the nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.); date on which the document was created; subject matter of the document; present location(s) of the document; custodian (s); and whether the document (or a copy) is still in existence.

4. If any requested document is believed to be privileged, or for some other reason may not be subject to production, please provide the following information:

(a) The nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.);
(b) Its date of creation;
(c) The name and address of its author; or,
(d) The identity of each recipient and addressee of the original document;
(e) The identity of all other persons who received copies of the document;
(f) The subject matter of the document; and
(g) The reason(s) for non-production, including all legal grounds.

5. This request for production is a continuing one. Supplementation of responses to this request shall be made in accordance with the Florida Rules of Civil Procedure.

## II. DEFINITIONS

Whenever used in this request, the following definitions shall apply:

1. "*Plaintiff*" means BRITTANY WILLIAMS and all of her agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of her, regardless of whether they are authorized to do so.

2. "*Defendant*" or "*You*" and "*your*" shall mean or refer to DIGITAL MEDIA SOLUTIONS, LLC, and all of its agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of it.

3. If this request is directed to a natural person, then "Defendant" shall refer to the natural person named in the request.

4. The term "*document*" is used in the broadest sense that the Florida Rules of Civil Procedure permit. Specifically, "*document*" includes, but is not limited to, all writings of any nature or type whatsoever, whether they contain written or graphic material, which are within the possession, custody, or control of the Defendant, or of any agent, employee, or representative (including, without limitation, attorneys, advisors, physicians, consultants, and accountants) or other person acting or purporting to act for or on behalf of Defendant, or in concert with them, including, but not limited to: Letters, tape recordings, notes, affidavits, contracts, agreements,

communications, correspondence, telegrams, telexes, cables, memoranda, records, reports, books, notebooks, summaries or records of telephone conversations, shipping documents, personal conversations or interviews, diaries, calendars, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, slides, demonstrative or visual aids, accounts, analytical records, minutes or records, appraisals, records, checks, check stubs, employment materials, expense accounts, receipts, reports or summaries of negotiations, brochures, lists, journals, and advertisements.

The term "***document***" also includes electronically recorded information, such as electronic mail ("email"), html files, databases, data processing tapes and cards, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes, video tapes, audio tapes, view-graphs, any information maintained on digital, electronic, magnetic or other media, and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, index, tape recording, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. Electronically recorded information shall also be produced in native format and any metadata shall be included.

"***Documents***" shall also include copies of documents (including but not limited to carbon, handwritten, typewritten, microfilmed, photostatic or Xerox copies), including non-identical copies, regardless of whether they differ from the original because of any alteration, notes, comments, or other material contained therein or attached thereto, or for another reason.

For the purpose of the foregoing, "***draft***" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, regardless of whether such draft was superseded by a later draft, or the terms of the draft differ from those of the final document. The term "***copies***" means all copies of a document, including those copies that are not identical in every respect to the documents being produced.

The terms "***document***" and "***documents***" also include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the folder in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

5. "***Metadata***" means the data found within documents. It includes all electronically stored information that describes or defines the document that is not generally visible in the ordinary electronic display or printing of the document. Common examples include comments, markups, revisions, the author's name, the owner's name, the names of those who have edited the document, creation dates, edit dates, and other information including, but not limited to, records of past versions and drafts.

6. "***Native format***," as it relates to the production of electronic data, means the file format in which the document is ordinarily read and written by its related software application.

For example, a Microsoft Word 2003 document has a native format of .doc while an Adobe Acrobat document has a native format of .pdf.

7. "*Relating to*" means regarding, supporting, tending to support, refuting, tending to refute, or concerning (including, mentioning, stating, discussing, summarizing, describing, reflecting, containing, referring to, depicting, connected with, embodying, evidencing, constituting, comprising, reporting, pertaining to, or having any connection with or bearing upon), directly or indirectly, the matter in question.

8. "*And/or*" shall be construed conjunctively and disjunctively, so as to demand and elicit the broadest possible response to a particular inquiry.

9. "*Complaint*" means the original complaint that was filed in this action, as amended through the date of this request.

## III. MANNER OF COMPLIANCE WITH RULES

In accordance with the Florida Rules of Civil Procedure, Plaintiff hereby designates a reasonable time, place, and manner for Defendant to make the requested documents available for inspection:

**Due Date:**    **Forty-five (45) days** after service of this request.

**Place:**    The Law Office of Patrick K. Elliott, PLLC, 100 S. Ashley Drive, Suite 600, Tampa, FL 33602, or any other place that the Parties can mutually agree upon.

**Inspection:**    Originals, drafts, and non-identical copies of all the requested documents shall be produced for inspection by Defendant's counsel at the time and place specified above. In the alternative, Defendant may provide true and accurate copies of all requested items via United States Mail.

## IV. DOCUMENTS TO BE PRODUCED

1. Please produce all documents identified in your answers to Plaintiff's Interrogatories.

2. Please produce all documents relied upon as a basis for responding to Plaintiff's Interrogatories.

3. Please produce any and all documents supporting in any manner whatsoever the defenses and affirmative defenses raised in your Answer to the Complaint.

4. Please produce all documents which support your denial of any of the allegations in the Complaint.

5. Please produce any and all documents relating to the terms and conditions of Plaintiff's employment with Defendant, including all company policies, personnel manual(s), employee handbook(s), and any employment agreement entered into by Plaintiff and Defendant.

6. Please produce Plaintiff's entire personnel file, including any and all documents and writings that were used to determine Plaintiff's qualifications for employment, transfers, salary, raises, pension eligibility, termination, or any other disciplinary action.

7. Please produce any and all documents that memorialize and/or record Plaintiff's employment and work performance.

8. With respect to any lawsuit filed against Defendant after 2009 relating to violations of 42 U.S.C. §1981, the Civil Rights Act of 1964, as amended ("Title VII," 42 U.S.C. §2000e *et seq.*), or the Florida Civil Rights Act of 1992, please produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

9. Please produce any employment agreements, correspondence, and documents pertaining to any person, corporation, or entity retained by Defendant to act as an expert witness, advisor, or consultant in the above-styled case.

10. Please produce a list of qualifications and a current resume for each expert witness, advisor, or consultant retained by Defendant in the above-styled case.

11. Please produce all documents pertaining to any internal complaints of discrimination made by employees of Defendant who worked at the same facility as Plaintiff within the past five years and include Defendant's responses to those internal complaints.

12. Please produce any and all complaints relating to Plaintiff's work performance, as well as any warning notices issued to Plaintiff by Defendant in response to such complaints.

13. Please produce any and all documents, letters, and memoranda describing, summarizing, or referring to any conversations between Plaintiff and any past or present employee, officer, or director of Defendant, pertaining either to Plaintiff's job performance or to

any of Plaintiff's allegations in the instant proceeding.

14. Please produce all documents that reference, in any manner whatsoever, the reasons that Plaintiff's employment was terminated on or around March 2018.

15. Please produce all personnel files of Plaintiff's supervisors and/or decision makers in this case, including, but not limited to, the entire personnel file for Plaintiff's supervisors and managers.

16. Please produce any and all employee records containing any form memorializing an employee's self-identification on the basis of his or her race, such as an EEO-1 Survey Form or any other similar form regardless of its origin, compiled, kept, or preserved by Defendant for years 2014 through 2019.

17. Please produce any and all employee rosters kept by Defendant for the location where Plaintiff worked for years 2014 through 2019.

18. Please produce any and all internal documents created, kept, or preserved by Defendant for years 2014 through 2019, containing information identifying the race of any employee who worked for Defendant at the same location as Plaintiff.

19. Please produce any and all job descriptions, specifications, or other documents that describe or otherwise relate to the functions and/or job duties performed by Plaintiff during the course of Plaintiff's employment with Defendant.

20. Please produce Defendant's code of ethics and related policies that were in force during Plaintiff's employment.

21. Please produce Defendant's policy and procedures concerning employee discipline that were in force during Plaintiff's employment with Defendant.

22. Please provide all documents memorializing Defendant's policies on equal opportunity employment, workplace discrimination, dispute resolution, disciplinary action, and employee performance evaluations.

23. Please produce all text messages, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

24. Please produce all e-mails, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

25. Please produce any and all documents submitted to an administrative agency related to Plaintiff's employment with Defendant, including documents submitted to the United States Equal Employment Opportunity Commission.

26. Please produce Defendant's financial statements, bank statements, and income tax

returns from fiscal year 2016 until the present.

27. Please produce Defendant's balance statement and income statement for each year beginning with fiscal year 2016 until the present.

28. Please produce all records which document any efforts made by Defendant to inquire into Plaintiff's background, including but not limited to financial records, criminal history, employment records, and litigation records.

29. Please produce all applicable insurance policies.

30. Please produce all documents listing all contacts with Defendant employer's integrity line/ hot line alleging harassment, discrimination, or retaliation on the basis of race by anyone within the department to which Plaintiff was assigned for the year preceding Plaintiff's termination from employment.

31. Please produce all documents that were generated in connection with any complaint or contact made by an employee to Defendant employer's integrity line/ hot line alleging harassment, discrimination, or retaliation on the basis of race by anyone within the department to which Plaintiff was assigned for the year preceding Plaintiff's termination from employment.

32. Please produce all records listing contact information for all persons who were considered by Defendant for the position held by Plaintiff after Plaintiff was terminated from employment.

33. If the employment relationship with the defendant has ended, please produce any COBRA notices that were sent to the plaintiff and/or others entitled to notice under COBRA and a copy of the company's process and procedure for preparation and transmission of COBRA notices.

Dated this 10th day of May, 2019.

          Respectfully submitted,

          /s/ Patrick Elliott
          **PATRICK K. ELLIOTT**
          Florida. Bar Number: 1000970
          **THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
          100 S. Ashley Drive, Suite 600
          Tampa, FL 33602
          Direct Dial: (813) 379-3090
          Facsimile: (813) 261-3542
          E-mail: elliottp@employmentandconsumerlaw.com
          Email: dmurray@ employmentandconsumerlaw.com
          ***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the Defendant on the date the complaint was served.

/s/ Patrick Elliott
**PATRICK K. ELLIOTT**