UNITED STATES FEDERAL COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

CASE NO.: 8:19-cv-1426-T-33SPF

BRITTANY WILLIAMS

      Plaintiff,

vs.

DIGITAL MEDIA SOLUTIONS, LLC,

      Defendant.

_____/

**DEFENDANT'S AMENDED MOTION TO DISMISS**
**AND INCORPORATED MEMORANDUM OF LAW**

      Defendant, DIGITAL MEDIA SOLUTIONS, LLC, ("Digital"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 8 and 12(b)(6), hereby files its Amended Motion to Dismiss and Incorporated Memorandum of Law, and requests that the Court dismiss Plaintiff's Complaint for failure to meet conditions precedent to filing suit and failure to state a cause of action, and as grounds therefore states as follows:

    1.     Plaintiff filed a six (6) count Complaint in state court alleging:[1]

       a.  Discrimination pursuant to Title VII of the Civil Rights Act of 1964 (Count I);[2]

       b.  Retaliation pursuant to Title VII of the Civil Rights Act of 1964 (Count II);

       c.  Discrimination pursuant to the Florida Civil Rights Act of 1992 (Count III);[3]

       d.  Retaliation pursuant to the Florida Civil Rights Act of 1992 (Count IV);

---

[1] Defendant removed the state court action to this Court on June 12, 2019. (DE 1).

[2] Plaintiff does not specifically allege violations of Title VII of the Civil Rights Act of 1964, but rather merely alleges violations of "Title VII." In the context of this litigation, it is assumed that Plaintiff is referring to Title VII of the Civil Rights Act of 1964 when referring to "Title VII."

[3] Plaintiff does not specifically allege violations of the Florida Civil Rights Act of 1992, but rather merely alleges violations of the "FCRA." In the context of this litigation, it is assumed that Plaintiff is referring to the Florida Civil Rights Act of 1992 when referring to the "FCRA."

e.   Race discrimination pursuant to 42 U.S.C. § 1981 (Count V); and,

f.   Retaliation pursuant to 42 U.S.C. § 1981 (Count VI).

(DE 1 p. 4-11).

2.      The alleged discriminatory conduct occurred in March, 2018.

3.      Plaintiff was required to file a charge of discrimination with the EEOC or FCHR within 300 days, of the alleged discriminatory conduct, to wit on or before January 31, 2019, at the latest, with respect to her Title VII claim.

4.      Plaintiff was required to file a charge of discrimination with the EEOC or FCHR within 365 days of the alleged discriminatory conduct, to wit on or before March 31, 2019, at the latest, with respect to her FCRA claim.

5.      Plaintiff makes the conclusory allegation that she "has satisfied all conditions precedent, or they have been waived," (DE 1 at ¶ 5), however, Plaintiff does not allege that she filed a complaint with the Equal Employment Opportunity Commission (EEOC) or the Florida Commission on Human Relations (FCHR) within one hundred and eighty (180) days of the alleged discrimination or retaliation.

6.      Defendant specifically denies that Plaintiff filed a complaint with the EEOC or FCHR for the alleged discrimination or retaliation within the time permitted by Title VII or the FCRA.

7.      Plaintiff therefore bears the burden of proving that Plaintiff filed a complaint with the EEOC or FCHR within the time permitted as a condition precedent to filing suit against Defendant.

8.      Under federal law in the Eleventh Circuit, Plaintiff's counts I through IV of Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) unless Plaintiff

can prove that she filed a complaint with the EEOC or FCHR within the time permitted following the alleged discrimination or retaliation by Defendant.

9.      Additionally, Plaintiff has failed to allege facts sufficient to state a claim for discrimination or retaliation under 42 U.S.C. § 1981 as required by Fed. R. Civ. P. 8.

10.      Plaintiff has made only conclusory allegations and has not alleged sufficient facts to allege that she is entitled to relief under 42 U.S.C. § 1981.

11.      Accordingly, Count V and VI of Plaintiff's Complaint should be dismissed for failure to state a cause of action pursuant to Fed. R. Civ. P. 8 and 12(b)(6).

12.      Defendant has been required to retain and pay the undersigned counsel in the defense of this action.

WHEREFORE, Defendant requests that the Court enter an Order:

(1) dismissing counts I through IV of Plaintiff's Complaint for failure to state a cause of action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) by failing to satisfy conditions precedent to filing suit;

(2) dismissing Counts V and VI for failure to state a cause of action pursuant to Fed. R. Civ. P. 8 and 12(b)(6);

(3) awarding Defendant its reasonable attorney's fees and costs; and,

(4) granting Defendant such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

### 1.  Standard of Review

Under Fed. R. Civ. P. 8, a plaintiff's complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court views the complaint in a light most favorable to

the plaintiff and "accept[s] as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Unlike factual allegations, legal conclusions are not given the same presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff is not required to provide "detailed factual allegations," the complaint must include "more than labels and conclusions." *Twombly*, 550, U.S. at 555. Mere conclusions and "formulaic recitation[s] of a cause of action's elements" cannot withstand a motion to dismiss. *Id.*

Consistent with these principles, courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010). The court will first "eliminate any allegations in the complaint that are merely legal conclusions." *Id.* Next, the court will determine whether the factual allegations, assumed as true, "plausibly give rise to an entitlement to relief." *Id.* A plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 555. A plaintiff must allege facts that show more than a "mere possibility of misconduct;" she must "nudge" her claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 679, 683 (*quoting* Twombly, 550 U.S. at 570).

**2. Plaintiff's Title VII and FCRA Claims Should Be Dismissed Because Plaintiff Has Failed to Satisfy Conditions Precedent to Filing Suit**

A plaintiff must first exhaust their administrative remedies before filing suit under Title VII of the Civil Rights Act of 1964 ("Title VII") or the Florida Civil Rights Act of 1992 (FCRA). *Pedrioli v. Barry Univ., Inc.* (M.D. Fla., 2018) (*citing Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1317 (11th Cir. 2001) and Fla. Stat. § 760.11(1)). In Florida, a discrimination charge must be filed by the plaintiff with the EEOC or FCHR within 300 days of the alleged discriminatory act for

claims under Title VII, and 365 days for claims under the FCRA. *Id.* (*citing Thomas v. Florida Power and Light Co.,* 764 F.2d 768 (11th Cir. 1985) and 2 U.S.C. § 2000e-5(e)(1)).

In the present case, upon information and belief, Plaintiff did not file a claim with the EEOC or FCHR at all, let alone within the time prescribed under federal and Florida law.[4] Based on the foregoing, Counts I through IV of Plaintiff's Complaint should be dismissed after giving Plaintiff the opportunity to make a showing that she satisfied conditions precedent to filing suit under Title VII and/or the FCRA. If Plaintiff fails to make a showing, the Court is obligated to dismiss counts I through IV of the Complaint with prejudice for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6).

### 3. Plaintiff's Claims Under 42 U.S.C. § 1981 Should Be Dismissed Because Plaintiff has Failed to Allege Sufficient Facts to Show Plaintiff is Entitled to Relief

*a. Discrimination*

To establish a prima facie case of discrimination under 42 U.S.C. § 1981, a plaintiff must plead factual, non-conclusory, allegations to demonstrate that: (1) the plaintiff is a member of a racial minority, (2) the defendant intended to discriminate against the plaintiff on the basis of race; and, (3) the discrimination concerned one or more of the activities in the statute. *Baker v. Kelly Smith, LLC,* 977 F.Supp.2d 1231 (M.D. Fla., 2013)(*citing Kinnon v. Arcoub, Gopman & Associates, Inc.,* 490 F.3d 886, 891 (11th Cir.2007)).

In the present case, Defendant concedes that Plaintiff is a member of a racial minority, however Plaintiff has not alleged sufficient facts to establish any nexus between her termination and her status as a racial minority. Specifically, Plaintiff has failed to allege sufficient facts that, if

---

[4] If Plaintiff *did* file such a claim, Defendant has received no notice of it. Because the EEOC or FCHR is required to send notice to an employer when a charge of discrimination is filed, Defendant reasonably believes that no such charge was filed by Plaintiff.

true, would show that Defendant intended to discriminate against Plaintiff on the basis of her race, or that the alleged discrimination concerned one or more activities in the statute. Rather, Plaintiff asserts merely that she was told she could continue her training on March 29, 2018, by Defendant's HR Department, and that despite these assurances, "Defendant's supervisor forcibly grabbed Plaintiff's belongings and demanded that she leave the premises when he learned that her training had been rescheduled." (DE 1 at ¶¶ 24-25). Plaintiff does not cite any concrete evidence that the supervisor's actions were in any way related to Plaintiff's race, rather, Plaintiff makes the *ipse dixit* argument that the supervisor's actions must have been related to Plaintiff's race based on her "information and belief" that other non-African Americans did not receive this same treatment. (Id. at ¶ 26).

Indeed, the only allegations that even come close the meeting the pleading standard of Fed. R. Civ. P. 8 are contained in Paragraphs 29 and 30 of the Complaint, where Plaintiff alleges that she questioned why she was being terminated and told Defendant's supervisor (who Plaintiff believes is Hispanic) that another similarly situated Hispanic employee was allowed to work for Defendant after the employee missed training. (DE 1 ¶¶ 29-30). According to Plaintiff, the supervisor allegedly told Plaintiff "that she was not that [H]ispanic employee, that Plaintiff, was not [H]ispanic, and that she was terminated." These conclusory allegations are precisely the sort of vague allegations that do not pass the legal standard under Fed. R. Civ. P. 8. By Plaintiff's own admission: (1) it is true that Plaintiff is not the Hispanic employee the supervisor was allegedly referring to; (2) it is true that Plaintiff is not Hispanic; and, (3) it is true that Plaintiff was terminated. At most, Plaintiff has alleged that Defendant's supervisor made three true statements. Plaintiff has *not*, however, alleged sufficient facts to show that these statements, if true, would

demonstrate that Defendant intended to discriminate against Plaintiff because of her race. Accordingly, Count V of Plaintiff's Complaint should be dismissed.

   *b. Retaliation*

   To establish a prima facie case of retaliation under 42 U.S.C. § 1981, a plaintiff must plead factual, non-conclusory, allegations to demonstrate that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and, (3) the materially adverse action was caused by her engaging in protected activity. *Crawford v. Carrol*, 529 F.3d 961, 970 (11th Cir. 2008)). A claim brought under § 1981 has the same requirements of proof and employs the same analytical framework as a Title VII claim. *Butler v. Alabama Department of Transportation*, 536 F.3d 1209, 1214 (11th Cir. 2008).

   In order for a plaintiff's actions to be a protected activity the plaintiff must show both that she believed in good faith that her employer was "engaged in unlawful employment practices," and that her "belief was objectively reasonable in light of the facts and record presented." *Bryant v. U.S. Steel Corp.*, 428 Fed. Appx. 895, 898 (11th Cir. 2011). "The 'opposition' must be made know[n] to the employer in the form of a complaint or some overt rejection of what the employee believes to be an illegal discriminatory practice." *Wiggins v. Atlantech Distribution, Inc.,* No. 8:15-cv-02478-EAK-TBM (M.D. Fla., 2016) (M.D. Fla., July 20, 2016)(*citing Chandler v. Infinity Ins. Grp.,* No. 2:12-cv-2870-TMP, 2014 WL 2547826, at *12 (N.D. Ala. June 4, 2014). As the Middle District has stated, "not every act by an employee in opposition to racial discrimination is protected. The opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual." *Id. citing Silver v. KCA. Inc*., 586 F.2d 138, 141 (9th Cir, 1978)).

In the present case, Plaintiff makes conclusory allegations that she "frequently engaged in protected activity under Section 1981 by opposing Defendant's discriminatory conduct," (DE 1 at ¶ 65), and that "Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 when Defendant subjected Plaintiff to different terms and conditions of employment and terminated her employment." (DE 1 at ¶ 66). Such conclusory allegations, however, do not meet the pleading requirements of Fed. R. Civ. P. 8. As set forth under the case law cited above, Plaintiff is required to allege facts which, if true, would show that she is entitled to relief under 42 U.S.C. § 1981. Indeed, Plaintiff does not make any allegations that would otherwise show that her "opposition" was "made know[n] to the employer in the form of a complaint or some overt rejection of what the employee believes to be an illegal discriminatory practice." In fact, Plaintiff does not make any mention whatsoever that Defendant even knew that Plaintiff subjectively believed she had been discriminated against and made that fact known to her employer. Based on the foregoing, Plaintiff has failed to make out a claim of retaliation under 42 U.S.C. § 1981 and Count VI should be dismissed pursuant to Fed. R. Civ. P. 8 and 12(b)(6).

**ANDERSON LAW GROUP**

/s/ Daniel W. Anderson
Daniel W. Anderson, Esq.
FBN: 490873
13577 Feather Sound Drive, Suite 500
Clearwater, FL 33762
Telephone: (727) 329-1999
Facsimile:  (727) 329-1499
Email:  danderson@floridalawpartners.com
Email:  eserve@floridalawpartners.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of June, 2019, I caused the foregoing to be electronically filed with CM/ECF, which will provide electronic notice of such filing to all counsel of record.

Patrick K. Elliott, Esq.
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
elliottp@employmentandconsumerlaw.com
murrayd@employmentandconsumerlaw.com

/s/ Daniel W. Anderson
Daniel W. Anderson, Esq.
FBN: 490873